Rainear's Estate.

54

*Donoghue, Gibbons & Donoghue*, for Charles Warren Rainear and Franklin R. Rainear.

*Thomas Stokes*, for Charlotte A. Rainear.

SINKLER, J., Jan. 23, 1931.—The testamentary provisions of this decedent are contained in a will evidently prepared by one learned in the law and a codicil which equally evidently was prepared without the assistance of one experienced in such matters. The adjudication determines two questions which the Auditing Judge found were presented to him: First, whether the cash and securities directed to be passed to the widow by the terms of the codicil are to be retained by her as an absolute bequest or as security for payments directed to be made to her by the will and codicil; and, second, whether the testator's sons have accepted the bequest of the business under the conditions stipulated by the testator. He finds that the bequest is as security for the payments and that the sons have not accepted the business. The widow excepts to both of these findings and contends that the codicil makes an absolute gift to her of the securities and money specified, and, secondly, that the sons have elected to accept the bequest and should be held to their election.

One of the exceptions filed in behalf of the sons is to the first finding of the Auditing Judge, and it is contended in their behalf that the securities specified in the codicil should be awarded to the executors as part of the principal of the estate, out of which the executors should set aside sufficient funds to assure certain payment for the widow's benefit. Upon these points we do not feel that anything can be profitably added to what has been set forth in the accurate and careful adjudication filed by the Auditing Judge.

In behalf of the sons, exceptions have been filed which raise two other questions: First, whether the increase made by the codicil in the weekly payments to the widow was dependent upon the acceptance by the testator's sons of the bequest of the testator's business; and, secondly, whether the gift also made by the codicil of the testator's building and loan association stock and maintenance of the same for the widow's account was dependent upon the same condition.

The argument presented to us in behalf of the sons recites that these questions were raised before the Auditing Judge. The language of the codicil

read in connection with the will does not support their contention. The codicil is in effect as though the testator had originally written in section (B) of article third $100 and a like substitution in respect of the building and loan association stocks. These questions are determined in the adjudication of the Auditing Judge, even though the arguments presented to him in behalf of the sons may not have been discussed at length in his adjudication. His findings in this respect are also sustained.

The exceptions are dismissed and the adjudication is confirmed absolutely.